## UNITED STATES DISTRICT COURT
## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| KIERRA SHANTA MARTIN, <br> o/b/o K.B., | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )     No. 4:19-CV-2933 NCC |
| ROBERT KEITH BENETT, | ) <br> ) <br> ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff Kierra Martin's motion for leave to proceed

in forma pauperis and submission of a civil complaint. The motion will be granted, and this action

will be dismissed.

## Legal Standard

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma

pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To

state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare

recitals of the elements of a cause of action [that are] supported by mere conclusory statements."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for

relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether

a complaint states a plausible claim for relief is a context-specific task that requires the reviewing

court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff filed the complaint against Robert Keith Benett on October 29, 2019.[1] Plaintiff appears to be bringing this action on behalf of her son, K.B., and the Court takes judicial notice of the other four cases plaintiff filed in relation to the instant action.

In her statement of claim, plaintiff asserts that defendant Benett defrauded her, inflicted emotional distress upon she and her son, failed to provide her adequate housing, and willfully caused her personal injury. Plaintiff alleges that she had a "fundamental right to housing" and defendant caused her "human rights violations." She asserts that she was evicted from her apartment in St. Louis, and she seeks "a writ of error of the judgment" to be removed from her name and monetary damages.

## Discussion

The claims in this complaint are duplicative of those in *Martin et al. v. Benett,* 4:19-cv-315-SNLJ (E.D. Mo. Feb. 25, 2019). In that case, plaintiff alleged:

> Robert K. Bennett slander[ed] my name and told me it was going to look really pretty on my name. I had found the landlord on my own for me and my son, to get housing, because he is in state custody. So upon my research, I found Rolling Hill apartments, since my son be in state I told the landlord the Judge Ward a previous [commissioner] that was on my case at the time. And the court's will need to see the lease. He did not give it to me so they subpoena him. And when they discover it, I guess upon discovery they found the lease had major violations. And I guess

---

[1] This case is one of 5 that plaintiff has brought pro se and in forma pauperis in this Court since February 25, 2019, and is the second that plaintiff has brought against this same defendant, Martin Benett. *See Martin v. Swearingen,* No. 4:19-cv-314-HEA (E.D. Mo. Feb. 25, 2019); *Martin et al. v. Benett,* 4:19-cv-315-SNLJ (E.D. Mo. Feb. 25, 2019); *Martin et al. v. Dunne*, No. 4:19-cv-541-HEA (E.D. Mo. Mar. 19, 2019); *Martin v. Swearingen,* No. 4:19-cv-3082 JCH (E.D.Mo.Nov.12, 2019).

he took it out on me and said am going to f*** up your name. So the state send me to legal service, in Missouri, to a lawyer named Rob Ellington, and he told me the only thing he can do is get my security deposit back. I also stated to him I also have a state family lawyer. And I submitted him my receipts, and showed him how Robert the former landlord filed that I lived at that address since 2015 which will be fraud upon the court. I kept stating to the judge and the lawyers, if his lease is not void it most of his contract. It makes the whole contract void. And he should not every took my money period, which will be money launder[ing]. I got off of work one day and the locks was changed. And he stated me and my son [clothes], belong[ings], furniture [were] gone. The lawyer from legal service told me good luck and never got back with me. I sent number of letters. No reply.

Plaintiff sought damages for defamation, slander and libel in that action, and she sought compensation for "personal injury" for suffering for she and her son. The Court in *Martin et al. v. Benett,* 4:19-cv-315-SNLJ (E.D. Mo. Feb. 25, 2019) dismissed plaintiff's action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

That dismissal has res judicata effect on the frivolousness determination of this in forma pauperis complaint. *See Waller v. Groose,* 38 F.3d 1007, 1008 (8th Cir. 1994) (per curiam) (citing *Denton v. Hernandez,* 504 U.S. 25 (1992)); *see also Cooper v. Delo,* 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions). As a result, this action is subject to dismissal.

Additionally, even if this action was not barred by res judicata, it does not appear that this Court has jurisdiction over plaintiff's action. This Court does not have federal question jurisdiction under 28 U.S.C. § 1331 because plaintiff's claims do not arise under the Constitution or laws of the United States. Plaintiff does not allege that any of her federally-protected rights were violated, nor does she allege that defendant acted under color of state law or took any action that could be "fairly attributable to the State" as required to state a claim under 42 U.S.C. § 1983. *See West v. Atkins,* 487 U.S. 42, 48 (1988) and *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).

3

Also, this Court also lacks jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332. Plaintiff's claims are premised entirely upon state law, and she clearly avers that she and the defendant are domiciled in Missouri.

Moreover, plaintiff appears to attempt to bring this action on behalf of another person, which is impermissible. While federal law authorizes plaintiff to plead and conduct her own case personally, 28 U.S.C. § 1654, she is not a licensed attorney and therefore may not represent another individual in federal court. *See Lewis v. Lenc–Smith Mfg. Co.,* 784 F.2d 829, 830 (7th Cir. 1986) (a person who is not licensed to practice law may not represent another individual in federal court). On the basis of the aforementioned, this action is subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED AS MOOT.**

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this _____ day of February, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

4